U~ ·· · ···~ ···~
Su~....... ~~ :·~ ;t of Texas
FILED

J~L 0 6 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

CB Brand Strategies, LLC, et al.,
Plaintiffs,

v.

Oz Trading Group, Inc.
(a/k/a OZ Trading Group, Inc.),
Defendant.

Case No.: 7:24-cv-00379
Hon. Randy Crane

## DEFENDANT OZ TRADING COMPANY, INC.'S RESPONSE TO PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE

Defendant Oz Trading Company, Inc. ("Oz Trading" or "Defendant"), by and through undersigned counsel, respectfully submits this Response to Plaintiffs CB Brand Strategies, LLC and Trademarks Grupo Modelo, S. de R.L. de C.V.'s (collectively, "Plaintiffs") Federal Motion for Order to Show Cause why Defendant should not be held in contempt or sanctioned for allegedly failing to comply with the Court's prior Order requiring surrender of certain Certificates of Label Approval ("COLAs") bearing U.S. Alcohol and Tobacco Tax and Trade Bureau ("TTB") identification numbers [insert specific TTB ID numbers or range as applicable]. In support thereof, Defendant states as follows:

### I. INTRODUCTION

Plaintiffs' Motion seeks to hold Defendant in contempt or impose sanctions for purported noncompliance with a Court Order directing the surrender of specific COLAs. Defendant has not willfully or contumaciously disobeyed the Order. To the contrary, Defendant has promptly and in good faith begun the surrender process, as documented in

1

the attached Exhibit A. Any delay in full completion of the surrender has been caused exclusively by the independent actions of third parties over whom Defendant exercises no control. The delay is neither intentional nor the product of conscious disregard for the Court's directives. Defendant therefore requests that the Motion be denied, that no sanctions or contempt findings be entered, and that the Court discharge any related Order to Show Cause.

## II. FACTUAL BACKGROUND

On or about May 19, 2026 (DE 68), the Court entered an Order requiring Defendant to surrender certain COLAs issued by the TTB bearing the specified identification numbers 24348001000198, 24347001000777, 24348001000259, 24348001000330, 24348001000284, 24348001000392, 24347001000705 and 24347001000804 within ten (10) days.

Immediately upon receiving the Order (or becoming aware of its requirements), Defendant initiated the surrender process with the TTB. This included submitting formal requests or notifications to the TTB, contacting the appropriate TTB personnel, preparing and transmitting required documentation, etc. Evidence of these good-faith efforts is set forth in Exhibit A attached hereto.

Despite these affirmative steps, completion of the surrender has been delayed by factors outside Defendant's control. Specifically, third parties—including but not limited to the TTB itself due to processing timelines, a consultant or agent previously involved in label submissions, Mexican exporters or suppliers, and other entities involved in the supply chain—have taken (or failed to take) actions that have impeded the finalization of the

2

surrender. Defendant has no contractual, legal, or practical authority to compel these third parties to act (or refrain from acting) in a manner that would expedite the process.

Defendant has at all times acted diligently, transparently, and with full respect for the Court's authority. There has been no intent to defy the Order, and Defendant has not consciously disregarded its obligations.

### III. LEGAL STANDARD

A finding of civil contempt requires clear and convincing evidence that the alleged contemnor violated a specific and definite court order, and that the violation was willful. Willfulness in this context means a deliberate or conscious disregard of the court's order; mere inadvertence, mistake, or inability to comply (particularly when caused by third parties beyond the party's control) does not constitute contempt.

Courts routinely decline to impose sanctions or contempt where a party demonstrates substantial compliance or good-faith efforts impeded by circumstances outside its control, especially when the party has begun the required actions and continues to work toward full compliance.

### IV. ARGUMENT

A. Defendant Has Substantially Complied and Demonstrated Good Faith.

Defendant has not ignored the Court's Order. As evidenced by Exhibit A, Defendant promptly commenced the surrender process with the TTB. This constitutes substantial compliance and affirmative steps toward full adherence. Any shortfall in immediate, complete surrender is attributable solely to external third-party conduct, not to any deficiency on Defendant's part.

3

**B. The Delay Is Not Willful and Is Beyond Defendant's Control.**

The actions (or inactions) of third parties over whom Oz Trading has no control have caused the delay. Defendant possesses neither the legal right nor the practical ability to dictate the timeline or actions of these independent entities. Such circumstances negate any finding of willfulness or conscious disregard. Defendant has done everything within its power to facilitate and expedite the surrender.

**C. No Sanctions or Contempt Finding Is Warranted.**

Because Defendant has acted in good faith, substantially complied, and been hindered only by uncontrollable third-party factors, the Court should decline to enter findings of contempt, impose sanctions, or grant the relief requested in Plaintiffs' Motion. Defendant remains committed to completing the surrender as expeditiously as possible and will continue to update the Court and Plaintiffs on progress.

## V. CONCLUSION

For the foregoing reasons, Defendant Oz Trading Company, Inc. respectfully requests that the Court:

1. Deny Plaintiffs' Motion for Order to Show Cause in its entirety;

2. Discharge any related Order to Show Cause;

3. Decline to impose sanctions or findings of contempt; and

4. Grant such other and further relief as the Court deems just and proper.

4

Respectfully submitted,


Oz Trading Company, Inc.


By: __/s/ Oziel Trevino

OZ Trading Group Inc.
Address:
Phone: 956-578-3851
Email: oztradinggroupinc@outlook.com


Date: July 6, 2026


## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2026, I electronically filed the foregoing Response with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record,

/s/ Oziel Trevino
Oziel Trevino

5